**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
LORENA MICHEL,

                               Plaintiff,                    **COMPLAINT**

     -against-

                                                                          **PLAINTIFF DEMANDS**
LAFAYETTE MARKET INC. d/b/a THE FOOD       **A TRIAL BY JURY**
EMPORIUM and ALFREDO BARRETO, *in his individual capacity*,

                                 Defendants.
-------------------------------------------------------------X

Plaintiff LORENA MICHEL ("Plaintiff"), by her attorneys, PHILLIPS & ASSOCIATES, PLLC, hereby complains of the Defendants, upon information and belief, as follows:

## NATURE OF THE CASE

1. Plaintiff complains pursuant to Title VII of the Civil Rights Act of 1964 as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166 ("Title VII"), the New York State Human Rights Law, 15 N.Y. Exec. Law §§ 290 *et seq*. ("NYSHRL"), and the New York City Human Rights Law, New York City Administrative Code §§ 8-107 *et. seq*. ("NYCHRL") and seeks damages to redress the injuries she been suffering as a result of being **discriminated against, sexually harassed, and subjected to discriminatory harassment on the basis of her sex/gender (female).**

## PARTIES

2. Plaintiff is a female who resides in Queens, New York.

3. Upon information and belief, Defendant LAFAYETTE MARKET INC. d/b/a THE FOOD EMPORIUM ("FOOD EMPORIUM") is a domestic business corporation located at 325 Lafayette Avenue, Brooklyn, NY 11238.

4. Upon information and belief, Defendant ALFREDO BARRETO ("BARRETO"), the floor

1

manager for Defendant FOOD EMPORIUM. At all relevant times, Barreto was Plaintiff's supervisor and/or had supervisory authority over Plaintiff. Barreto had the authority to hire, fire or affect the terms and conditions of Plaintiff's employment, or to otherwise influence the decisionmaker of the same.

## JURISDICTION, VENUE, AND PROCEDURAL PREREQUISITES

5. This Court has subject matter jurisdiction over Claimant's claims pursuant to 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §§ 1331 and 1343.

6. This Court has supplemental jurisdiction over Claimant's claims under the NYSHRL and the NYCHRL pursuant to 28 U.S.C. § 1367.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events or omissions giving rise to the claim occurred within the Eastern District of New York.

8. By: (a) timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on November 3, 2022, (b) receiving a Notice of Right to Sue from the EEOC on May 23, 2023, (c) commencing this action within 90 days of the issuance of the Notice of Right to Sue by the EEOC, and (d) contemporaneously with the filing of this Complaint, mailing copies thereof to the New York City Commission of Human Rights ("NYCCHR") and the Office of the Corporation Counsel of the City of New York pursuant to the notice requirements of § 8-502 of the New York City Administrative Code, Plaintiff has satisfied all of the procedural prerequisites for the commencement of the instant action. A copy of the Notice of Right to Sue is annexed hereto as "Exhibit A;" a copy of the transmittal letter to the NYCCHR et ano. is annexed hereto as "Exhibit B."

## MATERIAL FACTS

9. In or around June 2020, Plaintiff began working for Defendant FOOD EMPORIUM as a

2

        part-time cashier, earning $15 per hour and working approximately 30 hours per week.

10. In or around July 2021, Plaintiff was promoted to work in pricing, earning $16 per hour and working approximately 40 hours per week plus overtime. In or around September 2022, Plaintiff earned a raise to $17 per hour.

11. In her new position, Plaintiff worked primarily under BARRETO.

12. Almost immediately thereafter, Plaintiff was subjected to unwanted sexual comments and advances by her supervisor BARRETO.

13. On or about July 2, 2021, Plaintiff was in the office working with BARRETO. As Plaintiff attempted to leave, BARRETO approached her, cornering her against the office door and attempted to kiss her. Shocked and frightened by BARRETO's advances, Plaintiff attempted to turn her face away. BARRETO continued his advances, telling Plaintiff that she should not worry and that no one would find out. He further told Plaintiff that she would not lose her job if she cooperated, which is quid pro quo sexual harassment. Plaintiff understood BARRETO to be attempting to initiate a sexual relationship with her.

14. Plaintiff continued to resist BARRETO, reminding him that there were video cameras in the office and that she would lose her job if anyone saw the video. In response, BARRETO turned off the lights and resumed his attempts to kiss Plaintiff, claiming that they would no longer be visible on camera. Plaintiff repeatedly pushed BARRETO away and protested his advances until he eventually gave up, allowing Plaintiff to turn the lights back on. Plaintiff was shaken and disturbed by BARRETO's attempted assault.

15. Thereafter, Plaintiff was subjected to inappropriate flirtatious and sexual comments and unwanted touching from BARRETO virtually every day he worked with her, making her extremely uncomfortable.

16. On one occasion, on or about February 17, 2022, Plaintiff was working in the customer

service section when BARRETO began touching and caressing her butt and legs. Plaintiff was extremely uncomfortable with the unwanted sexual contact.

17. Later that day, Plaintiff was in the office with BARRETO discussing the pricing of merchandise when he again reached towards Plaintiff to touch her legs and inner thighs. Despite acknowledging that Plaintiff was a similar age to his son, BARRETO continued to touch her. BARRETO repeatedly told Plaintiff that "nothing [would] happen." Plaintiff understood BARRETO to be suggesting that she would not be terminated if she engaged in a sexual relationship with him. Plaintiff was disgusted and distressed by BARRETO's repeated advances.

18. On another occasion, on or about April 4, 2022, Plaintiff and BARRETO were discussing product suppliers when BARRETO began looking at Plaintiff in a sexual manner. He then reached over and touched Plaintiff's butt, telling her that her jeans fit her very well. Plaintiff was so disgusted with how BARRETO looked at and spoke to her that she chose not to wear the jeans again.

19. To Plaintiff's distress, BARRETO's sexually harassing behavior continued regardless of the clothes she wore.

20. On or about April 20, 2022, Plaintiff was correcting merchandise pricing when BARRETO approached her from behind and put his hand into the front pocket of her hoodie, attempting to touch her torso. Plaintiff felt uncomfortable and frustrated with BARRETO's unwanted touching.

21. Plaintiff was extremely nervous around BARRETO, fearing unwanted touching and sexual comments every time he approached her.

22. On or about May 10, 2022, Plaintiff was standing on a step ladder, adjusting prices on merchandise, when BARRETO approached her from behind and wrapped his arms around

her torso. Plaintiff was extremely startled and distressed by the abrupt and unexpected touching.

23. Later, BARRETO again approached Plaintiff while she was on the step ladder and again hugged her, wrapping both arms around her torso and touching her butt. Plaintiff was horrified by the unwanted touching, especially as two coworkers were nearby. Plaintiff felt that BARRETO was trying to "mark his territory" and display his possessiveness over Plaintiff to her coworkers.

24. On or about January 17, 2023, Plaintiff disclosed the sexual harassment she was experiencing because of BARRETO to Miguel Quezada ("Quezada"), a manager for Defendant.

25. Upon Plaintiff disclosing the incidences of sexual harassment to Quezada, he began minimizing Plaintiff's complaints and made excuses for BARRETO. Quezada stated that this situation was a "distraction" and that BARRETO'S statements "didn't mean anything."

26. Plaintiff felt frustrated that her complaint of sexual harassment was not being taken seriously by her manager.

27. Plaintiff remains an employee of Defendant FOOD EMPORIUM.

28. Defendants engaged in unlawful employment practices by discriminating against Plaintiff because of her **sex/gender (female).**

29. Despite Plaintiff's complaints, Defendant FOOD EMPORIUM has failed to sufficiently investigate the allegations and to take prompt and appropriate remedial action to prevent or correct further discrimination and harassment.

30. Defendants knew that Plaintiff was being subjected to a hostile work environment.

31. Defendants condoned, supported, ratified, and furthered the discriminatory and hostile conduct.

32. Defendants willingly ignored their obligations to prevent discrimination in the workplace - to the detriment of Plaintiff.

33. Despite Defendants' clear knowledge of the discriminatory actions against Plaintiff, Defendants did not make any effort to remedy the situation.

34. Throughout her employment, Plaintiff felt humiliated, stressed, demeaned, insulted, fearful, and frustrated.

35. Defendants allowed an environment to exist that is permeated with sexual harassment, gender-based discrimination, and other unlawful acts against Plaintiff.

36. Defendants' actions and conduct were intentional, grossly negligent, and intended to harm Plaintiff.

37. As a result, Plaintiff was unlawfully humiliated, degraded and belittled, suffered violations of her rights, suffered physical, mental, and emotional distress, experienced inconvenience, pain and suffering, humiliation, stress, anxiety, embarrassment and other emotional distress.

38. Plaintiff also suffered emotional pain, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

39. Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law.

40. Punitive damages are warranted against all Defendants.

## AS A FIRST CAUSE OF ACTION
## DISCRIMINATION UNDER TITLE VII

41. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

42. This claim is authorized and instituted pursuant to the provisions of Title VII for relief based upon the unlawful employment practices of Defendants.

43. Claimant complains of Defendants' violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's sex/gender.

44. Defendants engaged in unlawful employment practices by discriminating against Plaintiff because of her **sex/gender (female).**

## AS A SECOND CAUSE OF ACTION
## DISCRIMINATION UNDER THE NYSHRL

45. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

46. New York State Executive Law § 296(1)(a) provides that, "It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, **sex**, disability, predisposing genetic characteristics, familial status, marital status or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

47. Defendants violated the section cited herein by discharging, creating and maintaining discriminatory working conditions, and otherwise discriminating against the Plaintiff because of her sex/gender (female).

## AS A THIRD CAUSE OF ACTION
## AIDING AND ABETTING UNDER THE NYSHRL
### (Against Individual Defendant)

48. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

49. New York State Executive Law §296(6) provides that it shall be an unlawful discriminatory practice: "For any person to aid, abet, incite compel or coerce the doing of any acts forbidden under this article, or attempt to do so."

7

50. Individual Defendant engaged in unlawful discriminatory practices in violation of New York State Executive Law §296(6) as set forth herein.

## AS AN FOURTH CAUSE OF ACTION
## DISCRIMINATION UNDER THE NYCHRL

51. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

52. The New York City Administrative Code § 8-107(1) provides that it shall be unlawful

> (a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, **gender**, disability, marital status, partnership status, caregiver status, sexual and reproductive health decisions, sexual orientation, uniformed service or alienage or citizenship status of any person… to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment.

53. Defendants engaged in an unlawful discriminatory practice in violation of the NYCHRL by creating and maintaining discriminatory working conditions, and otherwise discriminating against the Plaintiff because of her sex/gender (female).

## AS A FIFTH CAUSE OF ACTION
## AIDING AND ABETTING UNDER THE NYCHRL
## (Against Individual Defendant)

54. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

55. The New York City Administrative Code §8-107(6) provides that it shall be unlawful discriminatory practice: "For any person to aid, abet, incite, compel, or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

56. Individual Defendant engaged in unlawful discriminatory practices in violation of the New York City Administrative Code §8-107(6), by aiding, abetting, inciting, compelling, and/or coercing the above discriminatory, unlawful, and retaliatory acts.

8

## **JURY DEMAND**

57. Plaintiff requests a jury trial on all issues to be tried.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests a judgment against Defendants:

A. Declaring that Defendants engaged in unlawful employment practices prohibited by Title VII, the NYSHRL, and the NYCHRL in that Defendants discriminated against Plaintiff on the basis of her gender/sex.

B. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to her reputation in an amount to be proven;

C. Awarding Plaintiff punitive damages;

D. Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action; and

E. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy Defendants' unlawful employment practices.

Dated: New York, New York
July 27, 2023

**PHILLIPS & ASSOCIATES,
ATTORNEYS AT LAW, PLLC**

By: _____
Brittany A. Stevens, Esq.
*Attorney for Plaintiff*
45 Broadway, Suite 430
New York, New York 10006
T: (212) 248-7431
F: (212) 901-2107
bstevens@tpglaws.com

## JURY DEMAND

57. Plaintiff requests a jury trial on all issues to be tried.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests a judgment against Defendants:

A. Declaring that Defendants engaged in unlawful employment practices prohibited by Title VII, the NYSHRL, and the NYCHRL in that Defendants discriminated against Plaintiff on the basis of her gender/sex.

B. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to her reputation in an amount to be proven;

C. Awarding Plaintiff punitive damages;

D. Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action; and

E. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy Defendants' unlawful employment practices.

Dated: New York, New York
July 27, 2023

                                                   **PHILLIPS & ASSOCIATES,**
                                                   **ATTORNEYS AT LAW, PLLC**

By: _____
Brittany A. Stevens, Esq.
*Attorney for Plaintiff*
45 Broadway, Suite 430
New York, New York 10006
T: (212) 248-7431
F: (212) 901-2107
bstevens@tpglaws.com